UNITED STATES DISTRICT COURT

OF CONNECTICUT

FILED
2008 MAR 10 P 1:53

U.S. DISTRICT COURT

| | |
|---|---|
| ANDRE DAWSON<br>(Petitioner) | |
| v. | Criminal No.<br>3:00CR263(JCH) |
| UNITED STATES OF AMERICA<br>(Respondent) | |

## Motion to Reduce Petitioners Sentence Pursuant to 18 U.S.C. §3582(c)(2) and 994(o)

Comes Now, the Movant, ANDRE DAWSON, Pro-se, Hereby files this motion to reduce his sentence Pursuant to 18 U.S.C.A. §3582(c)(2).

Specifically, Petitioner Dawson submits that resentencing pursuant to this §3582 motion is permitted because the Sentencing Commission has authorized, retroactively, a two (2) point guideline reduction under Ammendment 706; where a defendant is serving a term of imprisonment for crack cocaine; and because the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (c). §3582(c)(2). See, Also U.S.S.G. 1B1.10(a).

In support of this motion, the movant respectfully submits the following:

## FACTUAL BACKGROUND

Andre Dawson was convicted of conspiracy to distribute and possess with intent to distribute, 50 grams or more of, among other substances, crack cocaine, in violation of **Title 21 U.S.C. 846** and **841(b)(1)(A)**. Ultimately he was sentenced to serve 120 months imprisonment.

## JURISDICTIONAL STATEMENT

Section §3582(c)(2) provides that a "modification of an imposed term of imprisonment" is permissible for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered"..."if such reduction is consistent with applicable policy statement", provided as follows:

> **Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in Subsection (c) below, a reduction in the defendant's term of imprisonment is authorized.**

## UNDER 18 U.S.C. §3582 (c) (2)

U.S.S.G. §1B1.10(c), (emphasis added). See also <u>United States v. Pringle, 350 F.3d 1172,1176 (11th Cir. 2003</u>. ("[S]everal sister Circuits [2d, 3d, 6th, 8th, 10th]...have established a brightline rule that amendments in 3582(c) motions may be retroactively applied solely where expressly listed under §1B1.10(c)." <u>United States v. Mchan, 386 F3d 620, 622 (4th Cir. 2004)</u>).

"One of the main goals of the Sentencing Reform Act was 'the elimination of unwarranted Sentencing Disparity.'" <u>United States v. Goines 357 F.3d. 349, 675-67 (4th Cir. 2004)</u>, quoting, S. Rep. No. 98-255 at 52 (1983), reprint in 1984 U.S.C.A.N. 3182, 3235. "Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." <u>BRAXTON v. UNITED STATES, 500 U.S. 344, 111 S.Ct. 1854, 114 L.Ed. 2d. 385 (1991)</u>. "The amendment and retroactivity power operate in tandem: The Commission decides how to modify the guidelines and also decides how how such modifications should be implemented." <u>GOINES</u>, 357 F.3d. At 476.

On December 11, 2007 the Sentencing Commission unanimously decided the unwarranted sentencing disparity of cocaine base (crack), versus cocaine will be given retroactive effect on March 3, 2008.

### RELIEF REQUESTED

Accordingly, Petitioner DAWSON, respectfully moves this

Honorable Court to reduce his Guideline Sentence two (2) levels consistent with the Sentencing Commission's retroactively implemented modifications expressed in Guideline Amendment 706.

Respectfully Submitted

*Andre Dawson*

ANDRE DAWSON
Reg. No. 14239-014

## CERTIFICATE OF SERVICE

I, ANDRE DAWSON, hereby certify that an exact copy of this motion to reduce his sentence, pursuant to 18 U.S.C.A. §3582(c)(2) was mailed, postage prepaid, to the U.S. Attorney's office at 915 Lafayette Boulevard, Bridgeport, CT 06604.

DATE 3-6-08

Respectfully Submitted,

*Andre Dawson*

ANDRE DAWSON
Reg. No. 14239-014