UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:00CR263(JCH) |
| | : | |
| v. | : | |
| | : | |
| ANDRE DAWSON | : | MARCH 31, 2008 |

**GOVERNMENT'S RESPONSE TO MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On or about March 10, 2008, the defendant, Andre Dawson ("Dawson"), filed a <u>pro se</u> motion [Doc. # 1870] seeking a modification of his sentence pursuant to 18 U.S.C. § 3582(c). In his motion, the defendant seeks to be re-sentenced based upon a change to the crack cocaine guidelines that were passed by the Sentencing Commission on November 1, 2007. On March 25, 2008, the Court issued an order, directing the defendant to show cause why he is eligible for such relief, in light of a supplemental Presentence Report prepared by the Probation Office suggesting that the defendant is not eligible for such a reduction because he received a mandatory minimum sentence. The Government submits this memorandum in response to the defendant's motion and to address whether the defendant qualifies for a reduction.

For the reasons stated herein, the Government respectfully submits that the Court should not issue an amended judgment or alter the defendant's incarceration term. In this case, the defendant was sentenced to 120 months' incarceration, the mandatory minimum statutory term of incarceration. The changes to the cocaine base guidelines which went into effect on November 1, 2007 and became retroactive on March 3, 2008 do not impact this case at all and do not allow the Court to impose a sentence below the mandatory minimum term of incarceration set by statute.

I.   **BACKGROUND**

On December 20, 2001, a federal grand jury sitting in Bridgeport returned a Third Superseding Indictment in the above-captioned case. Count Twelve charged Dawson and others with conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.

On April 26, 2002, Dawson pled guilty to Count Twelve of the Third Superseding Indictment, and, in doing so, entered into a written plea agreement. In the plea agreement, the parties stipulated and agreed that 50 to 150 grams of cocaine base were attributable to the defendant, resulting in a base offense level of 32 pursuant to U.S.S.G. § 2D1.1(c). The plea agreement specifically noted, however, that "[t]he defendant understands that he faces a mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841(b)(1)(A)."

On October 16, 2002, this Court sentenced Dawson and imposed a term of incarceration of 120 months (10 years). A judgment to that effect entered on October 22, 2002. In doing so, the Court imposed the mandatory minimum term of 120 months required by 21 U.S.C. § 841(b)(1)(A).

II.  **DISCUSSION**

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines provided for under U.S.S.G. § 2D1.1(c). The amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses.[1] In Amendment 706, the Commission generally reduced by two levels the offense

---

[1] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In this case, however, the defendant cannot gain any relief under 18 U.S.C. § 3582(c) because he was sentenced to a mandatory minimum sentence required by statute. The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. See also § 1B1.10, comment (n.1(A)) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)"). Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable, the passage of a retroactive guideline amendment is irrelevant. See, e.g., United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994); United States v. Hanlin, 48 F.3d 121, 124-25 (3d Cir. 1995); United States v. Pardue, 36 F.3d 429 (5th Cir. 1994); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996); United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997).[2]

---

[2] The Court may act on a motion without the defendant's presence. U.S.S.G. § 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." In addition, Fed. R. Crim. P. 43(b)(4) explicitly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeal to address this issue have uniformly held that a defendant has no constitutional

### III. CONCLUSION

For the reasons stated above, the Government respectively submits that the Court cannot alter its sentence in this case pursuant to 18 U.S.C. § 3582(c). As discussed above, the defendant was sentenced to a statutory mandatory minimum term of 120 months' incarceration, and the November 1, 2007 amendments to the crack cocaine guidelines did not alter or affect this statutory penalty.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY

        /s/
        STEPHEN B. REYNOLDS
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. ct19105
        United States Attorney's Office
        157 Church Street, 23d Floor
        New Haven, CT 06510
        (203) 821-3700
        (203) 821-3829 (fax)
        Stephen.Reynolds@usdoj.gov

---

or statutory right to be present in connection with a motion filed under Section 3582(c). See, e.g., Anderson v. United States, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is not required") (emphasis in original); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); United States v. Tidwell, 178 F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 31, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing, including the defendant identified below, as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Andre Dawson
Reg. No. 14239-014
FCI Fort Dix
PO Box 2000
Fort Dix, NJ 08640

    /s/
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY